USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1257 UNITED STATES, Appellee, v. DENNIS L. DUSSAULT, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Edward F. St.Onge on brief for appellant. _________________ Sheldon Whitehouse, United States Attorney, and Andrew J. Reich, __________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ December 30, 1997 ____________________ Per Curiam. We have reviewed the submissions by the __________ parties and the record in this case, and we affirm the judgment of conviction. Appellant Dennis Dussault ("Dussault") contends statements he made to an ATF agent should not have been admitted into evidence, because 1) he was never warned of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and 2) his counsel __________________ was not present while he made the statements in question. Neither argument has merit. Miranda applies only when a _______ suspect is subjected to a "custodial interrogation." United ______ States v. Ventura, 85 F.3d 708, 710 (1st Cir. 1996) (citing _________________ Illinois v. Perkins, 496 U.S. 292, 297 (1990)). Under no ____________________ version of the facts could the exchange between Dussault and the ATF agent be characterized as an "interrogation." For the same reason, counsel's absence during the initial exchange between Dussault and the agent did not violate Dussault's constitutional rights. Oregon v. Bradshaw, 462 ___________________ U.S. 1039, 1044-45 (1983) (counsel's absence during interrogation violates suspect's constitutional rights if _____________ suspect has not knowingly and intelligently waived right to counsel); see also Arizona v. Fulminante, 499 U.S. 279, 286 _________ _____________________ (1991); 18 U.S.C. 3501(d). Dussault's remaining points on appeal are waived due to the failure to fully brief those issues. United States v. _________________ Pierro, 32 F.3d 611, 621 (1st Cir. 1994). ______ -2- Affirmed. Loc. R. 27.1. ________ -3-